EXHIBIT A

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA

MARGETTA LANGLOIS,

    Plaintiff,

vs.

CASE NO. 51-2005-CA-2755WS

DIV. "H"

JERRY FERRARA, individually;
THE 5541 VIOLET DRIVE LAND TRUST
by and through The Trustee Company; and
VENEZIA INVESTMENTS, LLC, a
Florida limited liability company,

    Defendants.

## FIFTH AMENDED COMPLAINT

COMES NOW, the Plaintiff, MARGETTA LANGLOIS, by and through her undersigned attorney, and sues the Defendants, JERRY FERRARA, THE 5541 VIOLET DRIVE LAND TRUST by and through THE TRUSTEE COMPANY, and VENEZIA INVESTMENTS, LLC, and, in support thereof, would state:

1. This suit concerns real property located in Pasco County, Florida.

2. At times relevant hereto, Plaintiff owned a parcel of real property located at 5541 Violet Drive, New Port Richey, Florida 34653 and legally described as:

> LOT 124, EASTBURY GARDENS, UNIT 3, according to the plat thereof, as recorded in Plat Book 10, Page 138, of the public records of Pasco County, Florida.

3. Plaintiff has a sinkhole on the subject property. She made a claim under her insurance. Said claim was paid which, in part, went to pay off her mortgage.

4. Plaintiff was looking to sell the property with the sinkhole.

5. At all times relevant hereto, Defendant Jerry Ferrara advertised and represented that he would buy sinkhole properties for cash.

6. Through a friend of Plaintiff, Defendant Jerry Ferrara was contacted and was shown the house. After an inspection, he advised Plaintiff he would buy her home for $70,000 cash.

7. In furtherance of his offer to purchase Plaintiff's house, Defendant Jerry Ferrara sent two agreements to Plaintiff. The first agreement entitled "Agreement of the Parties Herein" (a copy of which is attached hereto and incorporated herein as Exhibit A) shows a purchase price of $45,000 plus an additional $25,000 payable when the house is sold or within a period of 90 to 120 days. The second agreement "Contract for Sale and Purchase" (a copy of which is attached hereto and incorporated herein as Exhibit B) appears to be a standard real estate contract, but shows the purchase price at $45,000 cash.

8. Defendant employed the first agreement (Exhibit A) to convince the Plaintiff she would receive the $70,000 as promised, but that the $25,000 would be paid after he fixed the sinkhole and sold the house, within a period of 90 to 120 days. Defendant employed the second agreement (Exhibit B) for "closure purposes" along with a settlement statement to show a sale price of $45,000.

9. Based on Defendant Jerry Ferrara's representations that the rest of the money would come upon sale and that Plaintiff had a lien on the property as evidenced in Exhibit A, she signed both contracts on October 28, 2004 and later signed the Warranty Deed on November 5, 2004 (a copy of which is attached hereto and incorporated herein as Exhibit C), and the HUD-1 Closing Statement on November 5, 2004 (a copy of which is attached hereto and incorporated herein as Exhibit D).

10. Also on November 5, 2004, Defendant Jerry Ferrara executed a Warranty Deed to Trustee (a copy of which is attached hereto and incorporated herein as Exhibit E) essentially flipping the property into Defendant The 5441 Violet Drive Land Trust which is wholly controlled by Defendant Jerry Ferrara.

11. Also on November 5, 2004, Defendant Jerry Ferrara took out a mortgage with Defendant Venezia Investments, LLC for $74,750 (a copy of the Mortgage Deed and Note which are attached hereto and incorporated herein by reference as Composite Exhibit F). By this contrivance, Plaintiff was unaware that someone else now owned the land and that there was a mortgage taken out and supposedly Defendant Venezia Investments, LLC was unaware that there was to be a lien on the property and that the Plaintiff was still owed $25,000.

12. Defendant Jerry Ferrara immediately defaulted on the mortgage, however, Defendant Venezia Investments, LLC chose to take no action to collect on the note or to foreclose on the mortgage for over a year and only after Plaintiff instituted her legal action.

13. Defendant Jerry Ferrara and Defendant Venezia Investments, LLC were not acting at arm's length. Defendant Venezia Investments, LLC apparently gave a $74,750 mortgage on property that had a sinkhole with little or no due diligence or safeguards. Defendant Venezia Investments, LLC knew or should have known that this transaction was irregular and problematic and Defendant Venezia Investments, LLC assumed the risk of Defendant Jerry Ferrara's conduct when giving him this loan.

14. Up to the time he obtained the mortgage from Defendant Venezia Investments, LLC, Defendant Jerry Ferrara continually assured the Plaintiff she would be paid the $25,000 within 90 days, but as soon as he had completed his scheme to remove the property from her control, he then ignored and avoided her and has made no attempt to pay the monies owed.

## Count I

COMES NOW, the Plaintiff, MARGETTA LANGLOIS, by and through her undersigned attorney, and sues the Defendants, JERRY FERRARA, THE 5541 VIOLET DRIVE LAND TRUST by and through THE TRUSTEE COMPANY, and re-alleges and incorporated paragraphs 1 through 14 above, and would further state:

3

15. This is a cause of action for breach of contract.

16. On October 28, 2004, Plaintiff entered into a contract for Defendant **Jerry Ferrara** to purchase her property (as evidenced by Exhibit A) combined with a Contract for Sale and Purchase (as evidenced by Exhibit B).

17. The contract, in part, provided that Defendant **Jerry Ferrara** would pay Plaintiff $45,000 for the house initially and then repair the sinkhole and sell the home and pay the Plaintiff the additional $25,000 within 90 to 120 days.

18. The contract provides that there would be a lien on the home to secure the $25,000 payment owed to Plaintiff.

19. Defendant **Jerry Ferrara** has breached said contract by taking title to the home and them the very same day executing a Warranty Deed to Trustee flipping the title to a land trust and then immediately thereafter obtaining a mortgage (in excess of what was required) and then not paying the Plaintiff the $25,000 he owed her.

20. Plaintiff has been damaged by not receiving her $25,000 plus accumulated interest.

21. Plaintiff has had to hire the services of the undersigned attorney to bring this action.

**WHEREFORE**, Plaintiff demands a judgment for $25,000 plus accumulated legal interest since the date of transfer of title, plus attorney's fees and costs, and further demands a trial by jury.

<u>Count II</u>

**COMES NOW**, the Plaintiff, **MARGETTA LANGLOIS**, by and through her undersigned attorney, and sues the Defendants, **JERRY FERRARA, THE 5541 VIOLET DRIVE LAND TRUST** by and through **THE TRUSTEE COMPANY**, and **VENEZIA INVESTMENTS, LLC**, and re-alleges and incorporated paragraphs 1 through 14 above, and would further state:

22. This is an action under Florida Statutes Chapter 726 for fraudulent transfers.

23. Defendant Jerry Ferrara entered into a contract to purchase Plaintiff's home (Exhibit A) which provides that he would pay $45,000 initially, then repair the sinkhole and sell the property and would pay Plaintiff another $25,000 within 90 to 120 days. The contract provides that there would be a lien against the property until the balance of $25,000 was paid.

24. Defendant Jerry Ferrara entered into a scheme or plan with Defendant The 5541 Violet Drive Land Trust and Venezia Investments, LLC to flip the property into a land trust controlled by Defendant Jerry Ferrara and then to take out a substantial loan on the property with Defendant Venezia Investments LLC on which he immediately defaulted, thus setting up a foreclosure - all to deprive Plaintiff of her security interest in the property. Defendant Jerry Ferrara has not and further has no intention ever to pay the $25,000 he owes Plaintiff.

25. Defendant The 5541 Violet Drive Land Trust is, in fact, the alter ego of Defendant Jerry Ferrara. It is totally controlled by him and he is the beneficial owner of the property. This land trust was created solely for the purpose of transferring title to the subject property immediately upon Defendant Jerry Ferrara obtaining title to prevent Plaintiff from taking any steps to secure or perfect her security interest in said land.

26. Defendant Venezia Investments, LLC is either involved in a direct conspiracy with Defendant Jerry Ferrara or, based on its conduct, knew or should have know that there were unusual or deceptive acts being perpetrated by Defendant Jerry Ferrara in reference to this property by, but not limited to, the following:

   a. Defendant Venezia Investments, LLC allegedly loaned in excess of $70,000 on a home known to have a sinkhole without normal precautions;

b. Defendant **Jerry Ferrara** apparently never made payments on the note, yet Defendant **Venezia Investments, LLC** waited more than a year before initiating collection or foreclosure proceedings <u>and only after Plaintiff began her legal proceedings</u>.

c. There appears to be a plan to foreclose on the property to get it out of the reach of Plaintiff with Defendant **Jerry Ferrara** either already receiving his interest through the loan or with Defendant **Jerry Ferrara** gaining some benefit after foreclosure.

d. There is not an arm's length relationship between Defendant **Jerry Ferrara** and Defendant **Venezia Investments, LLC**. Defendant **Venezia Investments, LLC** loaned the money without customary due diligence and requirements that a normal and prudent lender would require. Defendant **Venezia Investments, LLC** has entered into a high yield, high risk loan because of the close and mutually beneficial scam the parties have to take advantage of the Plaintiff for their mutual benefit.

27. Plaintiff is a creditor of Defendant **Jerry Ferrara** by virtue of the contract (Exhibit A) and the lien created therein.

28. The transfer of the subject property by Defendant **Jerry Ferrara** into the Defendant **The 5541 Violet Drive Land Trust**, as evidenced by Exhibit E, is a fraudulent transfer and should be set aside.

29. The mortgage (Composite Exhibit F) executed in favor of Defendant **Venezia Investments, LLC** is a fraudulent transaction and should be set aside.

30. The lien created by virtue of Exhibit A should be perfected and should attach as a first lien on the subject property.

31. Plaintiff has had to hire the services of the undersigned attorney to bring this action.

**WHEREFORE**, Plaintiff requests the following relief:

A. An Order canceling the Warranty Deed to Trustee (Exhibit E) into Defendant **The 5541 Violet Drive Land Trust** as being fraudulent.

6

B. An Order canceling the mortgage (Composite Exhibit F) subsequently executed as being fraudulent.

C. An Order perfecting Plaintiff's security interest as a first encumbrance on the subject property.

D. An award of attorney's fees and costs.

## Count III

COMES NOW, the Plaintiff, MARGETTA LANGLOIS, by and through her undersigned attorney, and sues the Defendants, JERRY FERRARA, THE 5541 VIOLET DRIVE LAND TRUST by and through THE TRUSTEE COMPANY, and VENEZIA INVESTMENTS, LLC, and re-alleges and incorporated paragraphs 1 through 14 above, and would further state:

32. This is a cause of action to impose an equitable lien on the subject property.

33. As alleged, Plaintiff and Defendant Jerry Ferrara agreed in writing that there would be a lien against the subject property to secure the $25,000 owed to Plaintiff by Defendant Jerry Ferrara (as evidenced by Exhibit A).

34. This lien was not and cannot be perfected due to the fraudulent activities of Defendants Jerry Ferrara, The 5541 Violet Drive Land Trust, and Venezia Investments, LLC in flipping the property then mortgaging it in excess of its value - all in an attempt to avoid and prevent the Plaintiff from enforcing or perfecting her lien.

35. These acts were willful, intentional and for the purpose of not paying the Plaintiff monies owed to her, then making it difficult for her to look to the property for payment.

WHEREFORE, the Plaintiff requests that an equitable lien be placed on the subject property for $25,000 plus costs and that said equitable lien be a first lien on the subject property and, if said amounts are not timely paid, that the subject property be sold in order to satisfy the subject lien.

## Count IV

COMES NOW, the Plaintiff, MARGETTA LANGLOIS, by and through her undersigned attorney, and sues the Defendants, JERRY FERRARA, and re-alleges and incorporated paragraphs 1 through 14 above, and would further state:

36. This is an action for fraud and deceit.

37. Plaintiff had a contract (Exhibit A) for the sale of the subject real property to Defendant Jerry Ferrara for an initial deposit of $45,000 with Defendant Jerry Ferrara immediately repairing the sinkhole damage and selling the house. Upon the sale (within 90 to 120 days), Defendant Jerry Ferrara was to pay Plaintiff an additional $25,000. This $25,000 was to be secured by a first lien on the subject property.

38. As evidence by his actions, Defendant Jerry Ferrara had no intention of ever paying Plaintiff. Immediately after he obtained title, Defendant Jerry Ferrara flipped the subject property into Defendant **The 5541 Violet Drive Land Trust** (which was controlled by Defendant Jerry Ferrara) in order to prevent Plaintiff from perfecting her lien. At that same time, Defendant Jerry Ferrara took out a mortgage far in excess of repair costs and retained the excess funds rather than pay the Plaintiff the $25,000. Through his activities in concealing assets, Defendant Jerry Ferrara has made himself virtually uncollectable, but continues to engage in substantial business activities using the subterfuge of land trusts and other asset protection activities all with a design to take advantage of Plaintiff and others by avoiding paying what is owed.

39. The actions of Defendant Jerry Ferrara were intentional, wanton and willful designed to deceive and defraud Plaintiff.

40. To her detriment, Plaintiff relied on the representations of Defendant Jerry Ferrara that she would receive the additional $25,000.

41. As a direct and proximate result of the actions of Defendant Jerry Ferrara, Plaintiff is injured by loss of $25,000 owed to her. She has incurred additional living

expenses and storage as a direct result of Defendant Jerry Ferrara's deceit as well as damage to her credit and reputation as well as pain and suffering and humiliation.

WHEREFORE, the Plaintiff requests a judgment for compensatory damages and costs and further demands a trial by jury.

### Count V

COMES NOW, the Plaintiff, MARGETTA LANGLOIS, by and through her undersigned attorney, and sues the Defendant, JERRY FERRARA, and re-alleges and incorporated paragraphs 1 through 14 above, and would further state:

42. This is an action for quantum meruit.

43. The parties had an express agreement that Plaintiff would receive $45,000 cash and an additional $25,000 cash when the property sold (as evidenced by Exhibit A).

44. Based on that express understanding, Plaintiff expected to receive a total of $70,000 and Defendant Jerry Ferrara expected to pay $70,000 for the subject property.

45. Defendant Jerry Ferrara has received title to the property without paying the understood price.

46. Defendant Jerry Ferrara is unjustly enriched by $25,000.

WHEREFORE, the Plaintiff requests a judgment in the amount of $25,000.

### Certificate of Service

I HEREBY CERTIFY that a copy of the foregoing Fifth Amended Complaint was furnished to Edward B. Cole, Esq., 1370 Pinehurst Road, Dunedin, FL 34698 via regular U.S. Mail this _____ day of April, 2006.

PETER O. BRICK, ESQ.
Brick & Hammond
9436 Regency Park Blvd.
Port Richey, FL 34668
(727) 847-3121
Attorney for Plaintiff
Florida Bar No. 150039