IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA

MARGETTA LANGLOIS,

      Plaintiff,

vs.

JERRY FERRARA, individually;
THE 5541 VIOLET DRIVE LAND TRUST
by and through The Trustee Company; and
VENEZIA INVESTMENTS, LLC, a
Florida limited liability company,

      Defendants.

CASE NO. 51-2005-CA-2755WS

DIV. "H"



## VERIFIED SIXTH AMENDED COMPLAINT

**COMES NOW**, the Plaintiff, **MARGETTA LANGLOIS**, by and through her undersigned attorney, and sues the Defendants, **JERRY FERRARA, THE 5541 VIOLET DRIVE LAND TRUST** by and through **THE TRUSTEE COMPANY**, and **VENEZIA INVESTMENTS, LLC**, and, in support thereof, would state:

1. This suit concerns real property located in Pasco County, Florida.

2. At times relevant hereto, Plaintiff owned a parcel of real property located at **5541 Violet Drive, New Port Richey, Florida 34653** and legally described as:

> LOT 124, EASTBURY GARDENS, UNIT 3, according to the plat thereof, as recorded in Plat Book 10, Page 138, of the public records of Pasco County, Florida.

3. Plaintiff has a sinkhole on the subject property. She made a claim under her insurance. Said claim was paid which, in part, went to pay off her mortgage.

4. Plaintiff was looking to sell the property with the sinkhole.

5. At all times relevant hereto, Defendant **Jerry Ferrara** advertised and represented that he would buy sinkhole properties for cash.

6. Through a friend of Plaintiff, Defendant **Jerry Ferrara** was contacted and was shown the house. After an inspection, he advised Plaintiff he would buy her home for $70,000 cash.

7. In furtherance of his offer to purchase Plaintiff's house, Defendant **Jerry Ferrara** sent two agreements to Plaintiff. The first agreement entitled "Agreement of the Parties Herein" (a copy of which is attached hereto and incorporated herein as Exhibit A) shows a purchase price of $45,000 plus an additional $25,000 payable when the house is sold or within a period of 90 to 120 days. The second agreement "Contract for Sale and Purchase" (a copy of which is attached hereto and incorporated herein as Exhibit B) appears to be a standard real estate contract, but shows the purchase price at $45,000 cash.

8. Defendant employed the first agreement (Exhibit A) to convince the Plaintiff she would receive the $70,000 as promised, but that the $25,000 would be paid after he fixed the sinkhole and sold the house, within a period of 90 to 120 days. Defendant employed the second agreement (Exhibit B) for "closure purposes" along with a settlement statement to show a sale price of $45,000.

9. Based on Defendant **Jerry Ferrara's** representations that the rest of the money would come upon sale and that Plaintiff had a lien on the property as evidenced in Exhibit A, she signed both contracts on October 28, 2004 and later signed the Warranty Deed on November 5, 2004 (a copy of which is attached hereto and incorporated herein as Exhibit C), and the HUD-1 Closing Statement on November 5, 2004 (a copy of which is attached hereto and incorporated herein as Exhibit D).

10. Also on November 5, 2004, Defendant **Jerry Ferrara** executed a Warranty Deed to Trustee (a copy of which is attached hereto and incorporated herein as Exhibit E) essentially flipping the property into Defendant **The 5441 Violet Drive Land Trust** which is wholly controlled by Defendant **Jerry Ferrara**.

11.     Also on November 5, 2004, Defendant **Jerry Ferrara** took out a mortgage with Defendant **Venezia Investments, LLC** for $74,750 (a copy of the Mortgage Deed and Note which are attached hereto and incorporated herein by reference as Composite Exhibit F). By this contrivance, Plaintiff was unaware that someone else now owned the land and that there was a mortgage taken out and supposedly Defendant **Venezia Investments, LLC** was unaware that there was to be a lien on the property and that the Plaintiff was still owed $25,000.

12.     Defendant **Jerry Ferrara** immediately defaulted on the mortgage, however, Defendant **Venezia Investments, LLC** chose to take no action to collect on the note or to foreclose on the mortgage for over a year and only after Plaintiff instituted her legal action.

13.     Defendant **Jerry Ferrara** and Defendant **Venezia Investments, LLC** were not acting at arm's length. Defendant **Venezia Investments, LLC** apparently gave a $74,750 mortgage on property that had a sinkhole with little or no due diligence or safeguards. Defendant **Venezia Investments, LLC** knew or should have known that this transaction was irregular and problematic and Defendant **Venezia Investments, LLC** assumed the risk of Defendant **Jerry Ferrara**'s conduct when giving him this loan.

14.     Up to the time he obtained the mortgage from Defendant **Venezia Investments, LLC**, Defendant **Jerry Ferrara** continually assured the Plaintiff she would be paid the $25,000 within 90 days, but as soon as he had completed his scheme to remove the property from her control, he then ignored and avoided her and has made no attempt to pay the monies owed.

## Count I

COMES NOW, the Plaintiff, **MARGETTA LANGLOIS**, by and through her undersigned attorney, and sues the Defendants, **JERRY FERRARA, THE 5541 VIOLET DRIVE LAND TRUST** by and through **THE TRUSTEE COMPANY**, and re-alleges and incorporated paragraphs 1 through 14 above, and would further state:

15.     This is a cause of action for breach of contract.

16. On October 28, 2004, Plaintiff entered into a contract for Defendant **Jerry Ferrara** to purchase her property (as evidenced by Exhibit A) combined with a Contract for Sale and Purchase (as evidenced by Exhibit B).

17. The contract, in part, provided that Defendant **Jerry Ferrara** would pay Plaintiff $45,000 for the house initially and then repair the sinkhole and sell the home and pay the Plaintiff the additional $25,000 within 90 to 120 days.

18. The contract provides that there would be a lien on the home to secure the $25,000 payment owed to Plaintiff.

19. Defendant **Jerry Ferrara** has breached said contract by taking title to the home and them the very same day executing a Warranty Deed to Trustee flipping the title to a land trust and then immediately thereafter obtaining a mortgage (in excess of what was required) and then not paying the Plaintiff the $25,000 he owed her.

20. Plaintiff has been damaged by not receiving her $25,000 plus accumulated interest.

21. Plaintiff has had to hire the services of the undersigned attorney to bring this action.

**WHEREFORE**, Plaintiff demands a judgment for $25,000 plus accumulated legal interest since the date of transfer of title, plus attorney's fees and costs, and further demands a trial by jury.

### Count II

**COMES NOW**, the Plaintiff, **MARGETTA LANGLOIS**, by and through her undersigned attorney, and sues the Defendants, **JERRY FERRARA, THE 5541 VIOLET DRIVE LAND TRUST** by and through **THE TRUSTEE COMPANY** as Trustee, and **VENEZIA INVESTMENTS, LLC**, and re-alleges and incorporated paragraphs 1 through 14 above, and would further state:

22. This is an action under Florida Statutes Chapter 726 for fraudulent transfers.

4

23. Defendant **Jerry Ferrara** entered into contracts with the Plaintiff to purchase the subject property. Said Defendant purposely and intentionally created two separate agreements for the purpose of misleading both the Plaintiff and lenders. The contract (Exhibit B) was a standard contract for sale of a home and showed a purchase price of $45,000. This contract was used to generate the closing statement at closing and was used with the lender to obtain a mortgage. The other contract (Exhibit A), which more accurately represents the true agreement with the Plaintiff, provided that in addition to the $45,000 cash, Defendant **Jerry Ferrara** would pay to the Plaintiff an additional $15,000 and, if the sink hole repairs were under $14,000, he would pay another $10,000. These sums were to be paid on the sale of the home within 90-120 days. Most significantly, this agreement was to act as a lien on the property.

24. Defendant **Jerry Ferrara** used the first contract to generate the closing statement and obtain his loan and used the second contract to mislead the Plaintiff into believing she had a secured interest in the subject property in order to secure payment of up to an additional $25,000.

25. Plaintiff relied on these representations in agreeing to transfer title to Defendant **Jerry Ferrara** at closing. Defendant **Jerry Ferrara** took title, obtained his loan from Defendant **Venezia Investments, LLC** and them immediately transferred title to Defendant **5541 Violet Drive Land Trust**, thereby avoiding the lien.

26. Plaintiff is a creditor of Defendants **Jerry Ferrara** and **5541 Violet Drive Land Trust** by virtue of this transaction.

27. Defendant **5541 Violet Drive Land Trust** is an insider in that it is totally controlled by Defendant **Jerry Ferrara** and that he is its sole beneficiary.

28. Defendant **Jerry Ferrara** retained possession and control of the subject property. The additional obligation to Plaintiff was concealed from Defendant **Venezia Investments, LLC**.

29. It is believed by Plaintiff that Defendant **Jerry Ferrara** is either insolvent or that he has effectively made himself judgment proof by placing most or all of his assets out of reach of creditors.

30. Defendant **Jerry Ferrara's** transfer of the subject property into Defendant **5541 Violet Drive Land Trust** was for no consideration or less than fair consideration.

**WHEREFORE**, Plaintiff requests the following relief:

A.  An Order canceling the Warranty Deed to Trustee (Exhibit E) into Defendant **The 5541 Violet Drive Land Trust** as being fraudulent.

B.  An Order canceling the mortgage (Composite Exhibit F) subsequently executed as being fraudulent.

C.  An Order perfecting Plaintiff's security interest as a first encumbrance on the subject property.

D.  An award of attorney's fees and costs.

### Count III

**COMES NOW**, the Plaintiff, **MARGETTA LANGLOIS**, by and through her undersigned attorney, and sues the Defendants, **JERRY FERRARA**, and re-alleges and incorporated paragraphs 1 through 14 above, and would further state:

31. This is an action for fraud and deceit.

32. Plaintiff had a contract (Exhibit A) for the sale of the subject real property to Defendant **Jerry Ferrara** for an initial deposit of $45,000 with Defendant **Jerry Ferrara** immediately repairing the sinkhole damage and selling the house. Upon the sale (within 90 to 120 days), Defendant **Jerry Ferrara** was to pay Plaintiff an additional $25,000. This $25,000 was to be secured by a first lien on the subject property.

33. As evidence by his actions, Defendant **Jerry Ferrara** had no intention of ever paying Plaintiff. Immediately after he obtained title, Defendant **Jerry Ferrara** flipped the subject property into Defendant **The 5541 Violet Drive Land Trust** (which was controlled by Defendant **Jerry Ferrara**) in order to prevent Plaintiff from perfecting her lien. At that same time, Defendant **Jerry Ferrara** took out a mortgage far in excess

6

of repair costs and retained the excess funds rather than pay the Plaintiff the $25,000. Through his activities in concealing assets, Defendant **Jerry Ferrara** has made himself virtually uncollectable, but continues to engage in substantial business activities using the subterfuge of land trusts and other asset protection activities all with a design to take advantage of Plaintiff and others by avoiding paying what is owed.

34. The actions of Defendant **Jerry Ferrara** were intentional, wanton and willful designed to deceive and defraud Plaintiff.

35. To her detriment, Plaintiff relied on the representations of Defendant **Jerry Ferrara** that she would receive the additional $25,000.

36. As a direct and proximate result of the actions of Defendant **Jerry Ferrara**, Plaintiff is injured by loss of $25,000 owed to her. She has incurred additional living expenses and storage as a direct result of Defendant **Jerry Ferrara's** deceit as well as damage to her credit and reputation as well as pain and suffering and humiliation.

**WHEREFORE**, the Plaintiff requests a judgment for compensatory damages and costs and further demands a trial by jury.

## Count IV

**COMES NOW**, the Plaintiff, **MARGETTA LANGLOIS**, by and through her undersigned attorney, and sues the Defendant, **JERRY FERRARA**, and re-alleges and incorporated paragraphs 1 through 14 above, and would further state:

37. This is an action for quantum meruit.

38. The parties had an express agreement that Plaintiff would receive $45,000 cash and an additional $25,000 cash when the property sold (as evidenced by Exhibit A).

39. Defendant **Jerry Ferrara** had negotiated with the Plaintiff to buy the subject property for up to $70,000. The Plaintiff relied on these representations in transferring title to Defendant **Jerry Ferrara**.

40. Defendant **Jerry Ferrara**, through fraud and deceit, used a series of proposed contracts and the transfer of title to a land trust in order to avoid payment of the agreed sums. Through these actions, the Plaintiff has no perfected lien on the property.

7

41. If, for some reason, the contracts underlying this transaction are unenforceable, then Defendant **Jerry Ferrara** would be unjustly enriched at Plaintiff's expense by his actions.

**WHEREFORE**, the Plaintiff demands a judgment in the amount of $70,000 against Defendant **Jerry Ferrara**.

**UNDER PENALTY OF PERJURY**, I declare that I have read the foregoing <u>Verified 6th Amended Complaint</u> and state the facts alleged herein are true to the best of my knowledge and belief.

*/s/ Margetta Langlois*
**MARGETTA LANGLOIS**
Plaintiff

State of Florida
County of Pasco

The foregoing instrument was acknowledged before me this 4th day of May, 2007 by Margetta Langlois, who has produced her Florida Drivers License as identification.

PETER O. BRICK
Notary Public

Notary Public State of Florida
Peter O Brick
My Commission DD446584
Expires 06/30/2009

### Certificate of Service

I HEREBY CERTIFY that a copy of the foregoing <u>Sixth Amended Complaint</u> was furnished to **Edward B. Cole, Esq.**, 1370 Pinehurst Road, Dunedin, FL 34698; and **Tara M. O'Connor, Esq.**, 9735 U.S. Hwy. 19, Suite 2, Port Richey, FL 34668 via regular U.S. Mail this 4th day of May, 2007.

PETER O. BRICK, ESQ.
Brick & Hammond
8624 Government Drive, Suite 101
New Port Richey, FL 34654
(727) 847-3121
Attorney for Plaintiff
Florida Bar No. 150039