UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARGETTA LANGLOIS,

       Plaintiff,

v.                        CASE NO:  8:10-cv-2894-T-33TBM

VENEZIA INVESTMENTS, LLC,
et al.,

       Defendants.

_____/

**ORDER**

This cause comes before the Court sua sponte.  It is unclear from the Complaint whether the Court has subject matter jurisdiction such that it may properly preside over this matter. (See Doc. # 1).  Plaintiff Margetta Langlois claims the Court has subject matter jurisdiction because her damages exceed $100,000.00.  (Doc. # 1 at 2).  However, Ms. Langlois does not submit that the parties are all of diverse citizenship such that federal subject matter is satisfied pursuant to 28 U.S.C. § 1332.

Courts have an affirmative duty to examine their jurisdiction in each case, and if the Court concludes that subject matter jurisdiction is absent, the Court must not proceed on the merits of the case.  Fed. R. Civ. P. 12(h)(3). A plaintiff bears the burden of demonstrating that the Court has subject matter jurisdiction.  Menchaca v. Chrysler Credit Corp.,

613 F.2d 507, 511 (5th Cir. 1980).[1]  Once subject matter jurisdiction has been questioned, a plaintiff is required to "clearly allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers."  <u>Warth v. Seldin</u>, 422 U.S. 490, 518 (1975).

The Court has reviewed the Complaint and the pertinent portions of the record and is otherwise fully advised in the premises.  It is unclear from the Complaint whether the Court has subject matter jurisdiction such that it can properly preside over this matter.  Ms. Langlois is hereby directed to file an amended complaint on or before January 11, 2011, which alleges the basis for federal subject matter jurisdiction.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Margetta Langlois is hereby directed to file an amended complaint on or before January 11, 2011, which alleges the basis for federal subject matter jurisdiction.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>28th</u>

---

[1] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted all cases decided by the Fifth Circuit Court of Appeals prior to the close of business on September 30, 1981, as binding precedent.

day of December, 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE


Copies:

All Parties of Record