**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MARGETTA LANGLOIS,**

**Plaintiff,**

**v.** **Case No. 8:10-cv-2894-T-33TBM**

**VENEZIA INVESTMENTS, L.L.C., et al.,**

**Defendants.**
_______________________________________/

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on the pro se **Plaintiff's Affidavit of Indigency** (Doc. 2), which the court construes as a motion for leave to proceed *in forma pauperis.* Plaintiff seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, which provides in pertinent part:

> Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.

28 U.S.C. § 1915(a). As a threshold matter, however, the court must determine whether Plaintiff's Amended Complaint (Doc. 4) fails to state a cause of action or is frivolous and therefore subject to dismissal. *See* Fed. R. Civ. P. 8; 28 U.S.C. § 1915. While her affidavit reveals Plaintiff likely lacks the resources necessary to pay the filing fee for this action, I find

that the Complaint fails to state a claim, and therefore I recommend that the court dismiss this action.

Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement ensures that the defendant is given fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To meet this standard, the plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The factual allegations set forth in the complaint must be sufficient to raise a right to relief above the speculative level on the assumption that all the allegations are true. *Id.*

28 U.S.C. § 1915 provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(I), (ii). This provision accords judges the authority "to dismiss a claim based on an indisputably meritless legal theory" or "those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). In other words, an action may be dismissed as frivolous when the plaintiff "has little or no chance of success," *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citing *Harris v. Menendez*, 817 F.2d 737, 740 (11th Cir. 1987)) or the "plaintiff's realistic chances of ultimate success are slight."

*Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quoting *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir. 1990)).

A district court's authority to dismiss a complaint as frivolous under § 1915(e) is broader than dismissal under Rule 12 of the Federal Rules of Civil Procedure. *Sun*, 939 F.2d at 925 (citing *Menendez*, 817 F.2d at 739-40). However, the court should construe pro se pleadings liberally and hold them to a less stringent standard than pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). Nonetheless, pro se litigants must follow the procedural rules, and the court is not required to rewrite a deficient pleading. *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

Plaintiff's initial complaint sued Defendants, Venezia Investments, L.L.C. a.k.a. Rodney Fettings, Jerry Ferrara, and attorney Tara O'Connor. (Doc. 1). She alleged that this court had jurisdiction due to the fact that the damages exceeded $100,000. *Id*. at 2. The "cause of action" was identified as "illegal" sale of real estate and "fraudulent transfer." In short, Plaintiff appeared to be dissatisfied over the sale of her home in New Port Richey, Florida to Defendant Ferrara. Because Plaintiff's complaint failed to establish the existence of diversity of citizenship between Plaintiff and Defendants to give rise to this court's jurisdiction, the court directed Plaintiff to file an amended complaint which alleges the basis for federal subject matter jurisdiction. *See* (Doc. 3).

Plaintiff filed an amended pleading[1] stating that the court has jurisdiction due to "violation of my pro se constitutional civil rights in Pasco Circuit Civil Court by: Judge Stanley Mills and Judge Lowell Bray Jr." Such is followed by a disjointed list of conclusory statements. (Doc. 4 at 1). Again, it appears that she seeks to complain about the "illegal" transfer or sale of her home for which she was never paid in full and the outcome of some proceeding in the Circuit Court for Pasco County, Florida. As noted previously, in the first instance, this is not the proper forum to complain about that outcome. And although she makes a broad sweeping allegation that her constitutional rights have been violated, the minimal facts alleged do not give rise to or even identify what or how her constitutional rights have been violated. Thus, it still appears from Plaintiff's pleadings that there is no basis for jurisdiction in this court.

Upon my consideration, even though the court construes the Complaint liberally in Plaintiff's favor, Plaintiff's allegations nevertheless fail to state a cause of action over which this court has jurisdiction, and thus her Complaint should be dismissed.

For these reasons, I recommend that the court **DISMISS** the construed Amended Complaint (Doc. 4) and **DENY without prejudice** Plaintiff's motion to proceed *in forma pauperis* (Doc. 2). It is further recommended that the court afford the Plaintiff one additional opportunity to file an Amended Complaint consistent with the pleading requirements of the

[1]While Plaintiff filed a pleading which purports to answer the court's question regarding the basis for jurisdiction in this court, it does not appear that the amended pleading is intended to be an amended complaint as it fails to identify any of the Defendants she has sued, nor asserts any factual allegations against them. Plaintiff was directed to file an Amended Complaint and it appears she has failed to do so.

Federal Rules of Civil Procedure within twenty days of the court's Order. Such complaint shall clearly set forth allegations establishing the jurisdiction of this court, failing which may result in a dismissal of the action without further notice.

Respectfully submitted on this
10th day of February 2011.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
The Honorable Virginia M. Hernandez Covington, United States District Judge
Pro se Plaintiff