UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MARGETTA LANGLOIS,**

      **Plaintiff,**

**v.**                                            Case No.  8:10-cv-2894-T-33TBM

**VENEZIA INVESTMENTS, L.L.C.,**
**et al.,**

      **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

     THIS MATTER is before the court on referral for a report and recommendation on the pro se **Plaintiff's "Summary Final Judgment, Motions for Defaults, Motions for Sanctions, and Motions for Contempts"** (Doc. 8).  Because Plaintiff's motion wholly fails to comply with the Federal Rules of Civil Procedure and Orders of the court, and she has otherwise failed to demonstrate that jurisdiction is proper in this court, I recommend the Plaintiff's action be dismissed.  In December 2010 Plaintiff filed a Complaint against "Venezia" Investments, L.L.C. a/k/a Rodney Fettings, Jerry Ferrara, and attorney Tara O'Connor, for the "illegal" sale of real estate and "fraudulent transfer" of 5541 Violet Dr., New Port Richey, Florida; fraud between Venezia Investments with attorney Tara O'Connor and Jerry Ferrara; and violation of her "constitutional civil rights" for "due process" and monies owed to her and never paid in full.  (Doc. 1).  That complaint was dismissed without prejudice by order dated December 28, 2010.  *See* (Doc. 3).

Thereafter, Plaintiff filed an amended pleading stating that the court has jurisdiction due to "violation of my pro se constitutional civil rights in Pasco Circuit Civil Court by: Judge Stanley Mills and Judge Lowell Bray Jr." Such is followed by a disjointed list of conclusory statements. (Doc. 4). Again, the amended pleading was a purported effort by Plaintiff to complain about the "illegal" transfer or sale of her home for which she was never paid in full and the outcome of some proceeding in the Circuit Court for Pasco County, Florida. That complaint was likewise dismissed without prejudice. *See* (Doc. 7). The court admonished Plaintiff that the "second amended complaint *shall* be consistent with the pleadings requirements of the Federal Rules of Civil Procedure and must clearly set forth allegations establishing the jurisdiction of this Court." *Id.* at 3-4 (emphasis added). By this order, the deadline for filing the second amended complaint was March 22, 2011. To date, Plaintiff has failed to file a second amended complaint.

Shortly after dismissal of the amended complaint, Plaintiff filed the instant motion. Plaintiff's motion is procedurally and substantively defective. A civil action is commenced with the filing of a complaint. Fed. R. Civ. P. 3. Plaintiff's Amended Complaint was dismissed. *See* (Doc. 7). And she has failed to timely file a Second Amended Complaint. Thus, she currently has no pending complaint against the Defendants nor was there a complaint pending when the instant motion was filed. Further, Plaintiff's motion seeks a default against the Defendants, and yet there is no indication of service of any of the prior complaints on the Defendants. The docket reflects no summonses issued or returned. Her

request for entry of sanctions or an order of contempt is nonsensical where the Defendants have not yet been served with the lawsuit.

Significantly, Plaintiff's motion still fails to identify a basis for federal court jurisdiction. Plaintiff was directed by the court on multiple occasions to identify the basis of federal subject matter jurisdiction. *See* (Docs. 3, 6, 7). Plaintiff is a Florida resident suing a Florida lawyer and a Florida resident, regarding the sale of a Pasco County, Florida, home. Thus, despite her allegations that the damages at issue exceed $100,000, diversity of citizenship fails to exist. *See* 28 U.S.C. § 1332. Moreover, Plaintiff's pleadings are wholly devoid of factual allegations to otherwise support jurisdiction in this court.

For the foregoing reasons, I recommend that the court **DISMISS** Plaintiff's action for lack of subject matter jurisdiction.

>    Respectfully submitted on this
>    25th day of March 2011.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
The Honorable Virginia M. Hernandez Covington, United States District Judge
Pro se Plaintiff